Filing # 11630798 Electronically Filed 03/21/2014 03:59:12 PM

# IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA
### CIVIL DIVISION

| | |
|---|---|
| DESIREE FINLEY and<br>LARRY FINLEY, JR.,<br>  Plaintiffs,<br><br>vs.<br><br>OXFORD LAW, LLC and<br>CONSUMER RECOVERY<br>ASSOCIATES, LLC,<br>  Defendants. | Case Number: **2014-CA-001193-0000-00**<br><br>Division: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW the Plaintiffs DESIREE FINLEY and LARRY FINLEY JR., ("Ms. Finley," "Mr. Finley," or "The Finleys"), by and through their attorneys, Seraph Legal, P.A., and complain of the Defendants, OXFORD LAW, LLC and CONSUMER RECOVERY ASSOCIATES, LLC ("Oxford," "CRA," or "The Defendants" collectively), and state as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by the Finleys against the Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, et. seq. ("FCCPA"), for damages greater than $15,000.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the TCPA, 47 U.S.C. § 227, et. seq., the FDCPA, 15 U.S.C. § 1692, et. seq., and the FCCPA, section 559.55, Florida Statutes, et. seq.

1

3. The Defendants are subject to the provisions of the TCPA, the FDCPA, and the FCCPA, and are subject to the jurisdiction of this Court pursuant to section 48.193, Florida Statutes.

4. Venue is proper in Polk County because the acts complained of were committed and / or caused by Defendants within the County.

## PARTIES

5. The Finleys are natural persons residing in Polk County, Florida, and are "consumers" as defined by 15 U.S.C. § 1692a(3) and section 559.55(2), Florida Statutes.

6. Oxford is a Pennsylvania limited liability company, with a primary business address of 311 Veterans Highway, Suite 100-A, Levittown, PA 19056.

7. The Florida Registered Agent for Oxford is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

8. CRA is a Virginia limited liability company with a primary business address of Parkway 4 Suite 270, 2697 International Parkway, Virginia Beach, VA 23452.

9. Despite transacting business in the State of Florida, CRA has not registered with the Florida Division of Corporations and does not have a Florida registered agent.

10. The Defendants are "Debt Collectors" within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(6), Florida Statutes, in that they sought to collect an amount originally due to another party.

## FACTUAL ALLEGATIONS

11. Sometime during the year 2002, Mr. Finley allegedly defaulted on a HSBC/Orchard Bank credit card account issued in the year 2000.

2

12. This debt arose from services which were for family, personal, or household purposes and meets the definition of "debt" within the meaning of 15 U.S.C. § 1692a(5) and section 559.55(1), Florida Statutes.

13. Sometime in or around 2012, CRA acquired the rights to the account as part of a portfolio of debt it purchased.

14. Sometime in or around December 2013, CRA placed the debt for collection with Oxford.

15. Ms. Finley did not marry Mr. Finley until 2008, and had not met him in 2003.

16. Ms. Finley did not provide her cell phone number to HSBC, CRA, or any successor-in-interest to the account, and never expressly consented to receive automated phone calls on her cell phone.

17. On or about December 5, 2013, Oxford placed an automated call to Ms. Finley's cell phone via an automated telephone dialing system ("ATDS"). The call also utilized pre-recorded content and an artificial voice. The pre-recorded content of the call stated there was an important call for Larry Finley, Jr.

18. After answering the call, and listening to the aforesaid recorded content, Ms. Finley spoke with an Oxford collector identifying himself as Ollie Days ("Days"). Days stated that Oxford had been "retained" by CRA to collect the amount owed originally to HSBC.

19. Days stated that Oxford was a law firm, and if the Finleys did not pay, the matter would be forwarded to their legal department for litigation.

20. Days further emphasized that the HSBC debt "WOULD be recovered," one way or the other.

21. On or about December 5, 2013, Oxford mailed Mr. Finley a collection letter via first class mail. Mr. Finley received the letter on or about December 9, 2013. The letter offered to settle the HSBC account for $500, but required certified funds to be received at Oxford by December 5, 2013, the same date the letter was mailed out. Even though the letter was printed on the letterhead of a law firm, the letter did not disclose that "at this point in time, no attorney with this law firm has personally reviewed the circumstances of your case." The letter also failed to disclose Mr. Finley's right to dispute the debt, pursuant to 15 U.S.C. § 1692g(3). **SEE PLAINTIFF'S EXHIBIT A.**

22. Mr. Finley believed that an attorney was involved in the collection of the debt against him.

23. On information and belief, no attorney at Oxford Law ever reviewed the December 5, 2013 letter or exercised any meaningful professional review of Mr. Finley's account or related details.

24. On or about December 18, 2013, Oxford called Ms. Finley's cell phone via ATDS. Ms. Finley spoke with an Oxford representative, who asked to speak to Mr. Finley. Ms. Finley stated Mr. Finley did not wish to speak to Oxford. Oxford's representative became angry and stated Ms. Finley was "blocking" his lawful access to Mr. Finley and that Oxford would continue to call back until they could speak to Mr. Finley.

25. Oxford placed another call to Ms. Finley's cell phone via ATDS on December 19, 2013. Ms. Finley again spoke with an Oxford representative who demanded to speak to Mr. Finley and stated he was calling from "Oxford Law Offices."

26. The representative again reiterated Oxford had been "retained" to collect a debt. Ms. Finley stated she had informed Mr. Finley of the calls and that Mr. Finley had no knowledge

4

of a debt as described by Oxford and that Mr. Finley refused to pay. Oxford's representative said Ms. Finely was "interfering" with his attempts to collect a debt which was "a serious issue." The Oxford representative further stated that calls would continue until the matter was resolved.

27. The Oxford representative further stated the item would continue to appear on Mr. Finley's credit reports until the debt was paid. He also stated it was Ms. Finley's responsibility to see to it that Mr. Finley paid the alleged debt.

28. A debt, even if valid, which was charged-off in 2002 cannot legally be reported to a consumer credit reporting agency because it is beyond the seven-year reporting period. See 15 U.S.C. § 1681c.

29. On information and belief, Oxford is not a subscriber to credit reporting agencies Experian, Equifax, or Trans Union, and thus has no ability to make credit reports to a major consumer credit reporting agency, even if a debt was less than 7 years old.

30. Oxford continued to place calls to Ms. Finley's cell phone via ATDS. Calls were placed on December 23, 2013, January 17, 2014, and January 21, 2014.

31. Oxford called Ms. Finley's cell phone again on February 28, 2014 via ATDS. When Oxford's live representative came on the phone, she demanded to speak to Mr. Finley. The Oxford representative also stated she was "the lawyer's assistant" and that Mr. Finley had made a promise to pay in December 2013. She went on to disparage Mr. Finley to Ms. Finley, stating to her, amongst other things, that Mr. Finley is criminal, and that Mr. Finley lacks moral fiber as he does not pay his bills, and that Mr. Finley's picture is "all over the Internet" regarding questionable activities, and that Ms. Finley should question her relationship with him.

32. At no point did Ms. Finley give permission to the Defendants to place calls to her cellular telephone, either expressed or implied, nor did she give permission for anyone else to give out or otherwise use her cellular telephone number for their own purposes.

33. The Defendants' conduct caused Ms. Finley anger, anxiety, emotional distress, frustration, and other negative emotions, and constituted an unjustified and abusive invasions of her personal privacy at her home.

34. The Defendants' calls were "communications" as defined by 15 U.S.C. § 1692a(2) and section 559.55(5), Florida Statutes.

35. Ms. Finley is the "called party" within the meaning of the TCPA.

36. None of the calls were for emergency purposes.

37. Oxford was, at all times relevant to this matter, acting as CRA's agent and under its direction.

38. The Finleys have hired the aforementioned law firm to represent them in this matter and are obligated to pay their reasonable fees.

<u>COUNT I—MS. FINLEY
VIOLATIONS OF THE TCPA- 47 U.S.C. § 227, *et. seq*.</u>

39. Ms. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

40. The Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) when they repeatedly dialed Ms. Finley's cellular telephone number using an automated dialing mechanism, knowingly without her consent, and despite her demands that the calls cease.

6

41. As a result of The Defendants' actions, Ms. Finley has suffered injury including, without limitation, anger, anxiety, emotional distress, and frustration, as well as repeated unjustified and abusive invasions of her personal privacy.

42. The Defendants are liable to Ms. Finley for willfully and knowingly failing to comply with the TCPA.

43. The Defendants are liable to Ms. Finley for statutory damages, plus costs.

44. Ms. Finley is entitled to injunctive relief from potential future violations of the TCPA.

**WHEREFORE,** Ms. Finley respectfully requests that this Honorable Court enter judgment against the Defendants for:

a. Statutory damages of $1,500 for each violation of the TCPA found to have been committed, pursuant to 47 U.S.C. § 227(b)(3)(B), for a total of at least $10,500;

b. Costs related to this action;

c. Equitable relief enjoining the Defendants from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and

d. Such other relief that this Court deems just and proper.

### COUNT II—MS. FINLEY
### VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et. seq.

45. Ms. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

46. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants contacted third parties for purposes other than to confirm or obtain current location information.

7

47. The Defendants' conduct violated 15 U.S.C. § 1692d in that the Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Ms. Finley in connection with the collection of a debt.

48. The Defendants' conduct violated 15 U.S.C. § 1692e(2)(a) in that the Defendants falsely represented the legal status of a debt to Ms. Finley, to wit that the debt remained legally owed and due despite being outside the statute of limitations.

49. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants used deceptive means in connection the with collection of a debt when they made false statements to Ms. Finley.

50. The Defendants' conduct violated 15 U.S.C. § 1692f in that the Defendants used unfair and/or unconscionable means to collect a debt insofar as they harassed Ms. Finley, contacting her improperly in violation of the TCPA, used abusive and improper language regarding her husband and lied to her regarding the reporting of the debt.

51. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that it threatened action which could not legally be taken, including, amongst other things, threatening to report an out-of-statute debt to the Credit Reporting Agencies.

52. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that it used language the natural consequence of which is to abuse or harass the listener.

53. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA, and Ms. Finley is thereby entitled to statutory damages not to exceed $1,000, plus her reasonable attorney fees and costs.

**WHEREFORE**, Ms. Finley respectfully requests this Honorable Court enter judgment against the Defendants for:

a. Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other relief that this Court deems just and proper.

## COUNT III—MR. FINLEY
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

54. Mr. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

55. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants contacted third parties for purposes other than to confirm or obtain current location information.

56. The Defendants' conduct violated 15 U.S.C. §1692d in that the Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Mr. Finley in connection with the collection of a debt, vis-à-vis the calls to his wife.

57. The Defendants' conduct violated 15 U.S.C. §1692e(2)(a) in that the Defendants falsely represented the legal status of a debt to Mr. Finley, vis-à-vis the calls to his wife.

58. The Defendants' conduct violated 15 U.S.C. §1692e(10) in that the Defendants used deceptive means in connection the with collection of a debt when they made false statements to Mr. Finley vis-à-vis the calls to his wife.

59. The Defendants' conduct violated 15 U.S.C. §1692f in that the Defendants used unfair and/or unconscionable means to collect a debt.

60. The Defendants' conduct violated 15 U.S.C. §1692e(5) in that it threatened action which could not legally be taken including, without limitation, threatening to report debts which could no longer be reported on Mr. Finley's credit reports to the Credit Reporting Agencies.

61. The Defendants' conduct violated 15 U.S.C. §1692g(a) in that they failed to provide disclosure in its initial written notice of Mr. Finley's right to dispute the debt within 30 days from receipt of the letter.

62. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA, and Mr. Finley is thereby entitled to statutory damages not to exceed $1,000, plus his reasonable attorneys' fees and costs.

**WHEREFORE,** Mr. Finley respectfully requests this Honorable Court enter judgment against the Defendants for:

a. Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other relief that this Court deems just and proper.

## COUNT IV—MS. FINLEY
## VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq.*

63. Ms. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

64. The Defendants' conduct violated section 559.72(7), Florida Statutes, in that Oxford called Ms. Finley repeatedly, after notice that: (i) the party whom Oxford was attempting to call could not be reached at the number; and, (ii) the party from whom Oxford was attempting to collect disputed the debt and refused to pay it. The natural consequence of the Defendants' actions was to harass the debtor or his family in violation of Florida's statutes.

65. The Defendants' conduct violated section 559.72(9), Florida Statutes, in that it attempted to enforce a debt against Ms. Finley that they knew was not legitimate with respect to her.

66. The Defendants' conduct violated section 559.72(9), Florida Statutes, in that it asserted it had the right to report a 12-year-old debt to a consumer credit reporting agency, when no such right exists, and the Defendants knew this right does not exist.

67. The Defendants' conduct violated section 559.72(9), Florida Statutes, in that it asserted it had the right to take legal action for non-payment of a debt years outside the statute of limitations and was thus time-barred, and the Defendants knew legal action was time-barred.

68. The Defendants' conduct violated section 559.72(9), Florida Statutes, in that the Defendants asserted they had the right to continue to call Ms. Finley's phone via ATDS without her permission, when such actions are barred by federal law, and the Defendants knew these actions were prohibited by law.

69. By its conduct, the Defendants are liable for the above-stated violations of the FCCPA, and Ms. Finley is thereby entitled to statutory damages not to exceed $1,000 per violation, plus costs and attorneys' fees.

70. Furthermore, the Defendants are liable to Ms. Finley for punitive damages based upon the Defendants' willful, intentional, and flagrant violations of the FCCPA.

**WHEREFORE,** Ms. Finley respectfully requests this Honorable Court enter judgment against the Defendants for:

   a. Statutory damages of $1,000 for each violation of the FCCPA pursuant to section 559.77(2), Florida Statutes;

   b. Punitive damages of $15,000 pursuant to section 559.77(2), Florida Statutes;

11

c.  Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes;

d.  Equitable relief enjoining the Defendants from further violations of the FCCPA; and

e.  Such other relief that this Court deems just and proper.

### COUNT V—MR. FINLEY
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq.*

71. Mr. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

72. The Defendants' conduct violated section 559.72(7), in that it asserted it had the right to damage Mr. Finley's credit ratings by reporting a 12-year-old debt to a consumer credit reporting agency, when no such right exists, and the Defendants knew this right did not exist.

73. The Defendants' conduct violated section 559.72(9), Florida Statutes, in that they asserted they had the right to take **legal action** for non-payment of a debt years outside the statute of limitations and was thus time-barred, and the Defendants knew legal action was time-barred.

74. By its conduct, the Defendants are liable for the above-stated violations of the FCCPA, and Mr. Finley is thereby entitled to statutory damages not to exceed $1,000 per violation, plus costs and attorneys' fees.

75. Furthermore, the Defendants are liable to Ms. Finley for punitive damages based upon the Defendants' willful, intentional, and flagrant violations of the FCCPA.

**WHEREFORE,** Ms. Finley respectfully requests this Honorable Court enter judgment against the Defendants for:

a. Statutory damages of $1,000 for each violation of the FCCPA shown to have been committed by the Defendants pursuant to section 559.77(2), Florida Statutes;

b. Punitive damages of $5,000 pursuant to section 559.77(2), Florida Statutes;

c. Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes;

d. Equitable relief enjoining the Defendants from further violations of the FCCPA; and

e. Such other relief that this Court deems just and proper.

<u>JURY TRIAL DEMANDED</u>

Mr. and Mrs. Finley hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 21st day of March 2014, by:

/s/ Christina M. Cowart
Christina Cowart
Florida Bar # 27644
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
ccowart@seraphlegal.com

Attorney for Desiree Finley and Larry Finley Jr.